UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANDRE YOUNGBLOOD,

        Plaintiff,

v.

D. ARTUS, Warden, Clinton Correctional Facility;
LESTER N. WRIGHT, Deputy Commissioner; V.
JOHNSON, Head Nurse Administrator, Clinton
Correctional Facility; R.N. SMITH; MRS. BADGER,
Nurse, Clinton Correctional Facility; CATHY RYAN,
Nurse, Clinton Correctional Facility; and ADAMS,
Dr., Clinton Correctional Facility,

        Defendants.

No. 10-CV-752
(MAD/DRH)

---

**APPEARANCES:**

ANDRE YOUNGBLOOD
Plaintiff Pro Se
03-A-1665
Upstate Correctional Facility
Post Office Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN
Attorney General for the
 State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**OF COUNSEL:**

CHRISTOPHER W. HALL, ESQ.
Assistant Attorney General

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Andre Youngblood ("Youngblood"), an inmate in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS"), brings this

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

action pursuant to 42 U.S.C. § 1983 alleging that defendants, seven DOCCS employees, violated his constitutional rights under the Eighth Amendment when they denied him appropriate medical care. Compl. (Dkt. No. 1). Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 17. Youngblood failed to respond to the motion. Dkt. Nos. 21-25. For the following reasons, it is recommended that defendants' motion be granted in part and denied in part.

### I. Failure to Respond

Youngblood did not oppose defendants' motion. The failure to respond continued even after the Court, acting sua sponte, granted Youngblood an extension of time to file a response and reminded him of the consequences of failing to do so. See Dkt. No. 19. "The fact that there has been no response . . . does not . . . mean that the motion is to be granted automatically." Champion, 76 F.3d at 436. Even in the absence of a response, a defendant is entitled to dismissal only if the material facts demonstrate his or her entitlement to dismissal as a matter of law. Id.

### II. Background

The facts are related in the light most favorable to Youngblood as the non-moving party. See Ertman v. United States, 165 F.3d 204, 206 (2d Cir.1999). All events appear to have occurred while Youngblood was incarcerated at Clinton Correctional Facility ("Clinton").

### A. Asthma

On October 26, 2009, defendant Nurse Badger told Youngblood that she was tired of continually bringing him his asthma inhaler and that she would speak to Dr. Adams about giving Youngblood self-carry privileges for his medication. Compl. ¶ 6(a). On October 28, 2009, Dr. Adams, a defendant herein, terminated Youngblood's inhaler prescription. Id. ¶¶ 6(a) & (f). On November 4, 2009, defendant Nurse Ryan failed to treat Youngblood while he was having an asthma attack. Id. ¶ 6(b).

### B. Seizures

On October 31, 2009, Ryan failed to provide Youngblood with his morning seizure medication. Compl. ¶ 6(c). On January 19, 2010, defendant Nurse Smith denied Youngblood's request for emergency treatment and he subsequently suffered a seizure. Id. ¶ 6(d).

### C. Complaints

On November 4, 2009, Youngblood wrote to defendant Wright, a DOCCS Deputy Commissioner, about his problems with the medical staff and Wright advised Youngblood to address his issues to "the health care staff using the existing sick call procedure[s]." Compl. ¶ 6(h). On November 10, 2009, Youngblood informed defendant Artus, the Clinton Warden, of his medical complaints and sought assistance but the issue was never resolved. Id. ¶ 6(g). On January 20, 2010, Youngblood addressed the above medical issues with defendant Johnson, the Head Nurse Administrator at Clinton. Id. ¶ 6(e). Johnson "justify

they [sic] action[s] and ignore[d Youngblood's] serious medical needs." Id.  This action followed.

### III.  Discussion

Youngblood contends that his Eighth Amendment rights were violated when defendants were deliberately indifferent to treating his asthma and seizure conditions.  Defendants argue that Youngblood's claims are meritless and that he has failed to establish various defendants' personal involvement in the action.

### A. Legal Standard[2]

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  However, this "tenet . . . is inapplicable to legal conclusions[; thus, t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (holding that "entitlement to relief requires more than labels and conclusions, and a

---

[2] While Youngblood has failed to respond to the pending motion, he has included multiple exhibits of medical records.  Consideration of a motion to dismiss "is limited to the facts asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  However, because these medical records were neither attached to nor incorporated into the complaint by reference, they will not be considered here.


formulaic recitation of the elements of a cause of action . . . [as] courts are not bound to accept as true a legal conclusion couched as a factual allegation.")).

Accordingly, to defeat a motion to dismiss, a claim must include "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556 (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted).  Determining whether plausibility exists is "a content specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950-51.

When, as here, a party seeks dismissal against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-92 (2d Cir.2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally.' " (citations omitted)).

### B. Personal Involvement

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d

Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)).  Thus, supervisory officials may not be held liable merely because they held a position of authority. Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).  However, supervisory personnel may be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation;
>
> (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong;
>
> (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;
>
> (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or
>
> (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

### 1. Artus

Youngblood's principle argument against Artus is that he requested Artus' assistance in handling his medical issues and his requests were not resolved.  Presumably, this means that Youngblood's requests went unanswered.  However, merely writing letters is insufficient to establish notice and personal involvement.  Smart v. Goord, 441 F. Supp. 2d 631, 643 (S.D.N.Y. 2006) ("Commissioner . . . cannot be held liable on the sole basis that he did not act in response to letters of protest sent by [plaintiff] . . . .").  Similarly, receipt of a letter,

6

without personally investigating or acting on the letter or grievance, is insufficient to establish personal involvement.  See, e.g., Rivera v. Fischer, 655 F. Supp. 2d 235, 238 (W.D.N.Y.2009) (citing cases); Boddie v. Morgenthau, 342 F. Supp. 2d 193, 203 ("While mere receipt of a letter from a prisoner is insufficient to establish individual liability . . . [p]ersonal involvement will be found . . . where a supervisory official receives and acts on a prisoner's grievance or otherwise reviews and responds to a prisoner's complaint."). Accordingly, defendants' motion should be granted as to Artus on this ground.

### 2. Wright

Youngblood's principle argument against defendant Wright is that he should have investigated Youngblood's medical complaint instead of instructing him to approach the health care staff about these issues through sick call procedures.  Youngblood's claims are insufficient to allege personal involvement.  First, Youngblood's contentions are incorrect because inmates enjoy no constitutional right to an internal investigation of any particular nature, extent, or duration.  See Carrasquillo v. City of New York, 324 F. Supp. 2d 428, 438 (S.D.N.Y. 2004) (holding that prisoners have "no constitutional or federal right to an investigation into . . . [an] accident, or to have his requests for an investigation answered."). Thus, Wright was never compelled to investigate Youngblood's complaint.  Second, receipt of a letter, without personally investigating or acting on the letter or grievance, is insufficient to establish personal involvement.  See, e.g., Rivera v. Fischer, 655 F. Supp. 2d 235, 238 (W.D.N.Y. 2009) (citing cases); Boddie v. Morgenthau, 342 F. Supp. 2d 193, 203 ("While mere receipt of a letter from a prisoner is insufficient to establish individual liability . . . [p]ersonal involvement will be found . . . where a supervisory official receives and acts on a

prisoner's grievance or otherwise reviews and responds to a prisoner's complaint."). Wright never reviewed or acted upon Youngblood's correspondence, he merely referred him to the appropriate person who would address his claims.

As it is within the purview of a superior officer to delegate responsibility to others, a person in a position of authority may also direct an inmate's complaint to the appropriate body for resolution.  See Vega v. Artus, 610 F. Supp. 2d 185, 198 (N.D.N.Y.2009) (finding no personal involvement where "the only involvement of the supervisory official is to refer the inmate's complaint to the appropriate staff for investigation.") (citing Ortiz-Rodriquez v. N.Y. State Dep't of Corr. Servs., 491 F. Supp. 2d 342, 347 (W.D.N.Y.2007)).  Accordingly, Wright's response which effectively referred Youngblood to the correct agency to which to address his complaints, serves as a similar delegation and is insufficient to establish personal involvement.  Accordingly, defendants' motion should be granted on this ground as to Wright.

### 3. Johnson

Youngblood contends that on January 20, 2010, he approached defendant Nurse Administrator Johnson with all of his medical complaints and that she justified defendants actions and ignored his complaints.  When Youngblood approached Johnson, he proffered at least five different instances of alleged deliberate indifference which had occurred between the end of October and January.

> [W]here a grievance alleges an ongoing constitutional violation, the supervisory official who reviews the grievance is personally involved if he is confronted with a situation that he can remedy directly.  If the official is confronted with a violation that has already

8

>occurred and is not ongoing, then the official will not be found
>personally responsible . . . .

Harnett v. Barr, 538 F. Supp. 2d 511, 524 (N.D.N.Y. 2008) (internal quotation marks and citations omitted). Johnson stands in a unique position as the supervisor of the only medical department wherein Youngblood could receive treatment. Additionally, the proffered instances of deliberate indifference, taken as a whole, amount to more than just a few discrete instances. As discussed infra, Youngblood's deliberate indifference claims survived against defendants Ryan and Smith, both of whom were responsible for providing him with needed medication and medical attention. Their alleged repeated failures at providing such services constituted an ongoing violation of which Johnson was apprised. Construing the facts in the light most favorable to Youngblood, his account of Johnson both wrongfully justifying potentially unconstitutional care and ignoring his complaints plausibly states grossly negligent supervision of subordinates committing wrongful acts.

Accordingly, defendants' motion on this ground as to Johnson should be denied.

### C. Eighth Amendment

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment." U.S. Const. amend. VIII. This prohibition extends to the provision of medical care. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). The test for a § 1983 claim is twofold. First, the prisoner must show that the condition to which he was exposed was sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Id. "[P]rison officials who

9

actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844.

"'Because society does not expect that prisoners will have unqualified access to healthcare,' a prisoner must first make [a] threshold showing of serious illness or injury" to state a cognizable claim. Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003)(quoting Hudson v. McMillian, 503 U.S. 1,9 (1992)). Because there is no distinct litmus test, a serious medical condition is determined by factors such as "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." Brock v. Wright, 315 F.3d 158, 162-63 (2d Cir. 2003) (citing Chance, 143 F.3d 698, 702 (2d Cir. 1998)). The severity of the denial of care should also be judged within the context of the surrounding facts and circumstances of the case. Smith, 316 F.3d at 185.

Deliberate indifference requires the prisoner "to prove that the prison official knew of and disregarded the prisoner's serious medical needs." Chance, 143 F.3d at 702. Thus, prison officials must be "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Mere disagreement over proper treatment does not create a constitutional claim" as long as the treatment was adequate. Chance, 143 F.3d at 703. Thus, "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a section 1983 claim." Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001).

Furthermore, allegations of negligence or malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

Defendants assert that Youngblood's contentions are conclusory and insufficient to satisfy the pleading standard. Youngblood alleges deliberate indifference because (1) defendants Adams, Badger and Ryan failed to provide him with medication or other treatment necessary for his asthma and (2) defendant Ryan and Smith failed to provide him with seizure medication and allow him to report to sick call and he suffered a subsequent seizure.

**1. Asthma**

An asthma condition alone, without onset of an asthma attack or any other emergent symptoms, lacks the requisite seriousness required for an Eighth Amendment violation. See Sulkowska v. City of New York, 129 F. Supp. 2d 274, 292 (S.D.N.Y. 2001) (granting summary judgment because the pretrial detainee, who "neither complained of an asthma attack, nor . . . [presented with] symptoms of such an attack," was not suffering from a serious medical condition); see also Oliver v. Deen, 77 F.3d 156, 160-61 (7th Cir. 1996) (holding that a person suffering from mild case of asthma had not established the objective prong of the Eighth Amendment analysis). In portions of his complaint, Youngblood failed to proffer any facts relating to his diagnosis of asthma or any complications which he had experienced as a result of not receiving his inhaler. Where Youngblood failed to provide any facts establishing an aggravated condition, he failed to establish the objective prong of the Eighth Amendment analysis. Moreover, for those allegations, Youngblood also failed to

11

proffer facts that would indicate that defendants Badger or Adams were aware Youngblood was experiencing an asthma attack or associated serious condition, and were deliberately indifferent to treating it. Thus, the portion of his complaint alleging that Nurse Badger stated she was tired of carrying Youngblood's inhaler and that Dr. Adams failed to generally prescribe Youngblood an inhaler must be dismissed.

However, construing the facts in the light most favorable to Youngblood, he has stated a plausible claim with respect to defendant Nurse Ryan. Youngblood alleges that on November 4, 2009, defendant Ryan failed to treat Youngblood while he was experiencing an asthma attack. As discussed above, the presence of an attack elevates an asthma condition to a serious medical need. Sulkowska, 129 F. Supp. 2d at 292. Moreover, being in the presence of an individual suffering from an attack and failing to treat him or her is indicative of deliberate indifference. Therefore, Youngblood has alleged facts sufficient to state a claim regarding defendant Ryan's failure to treat Youngblood's asthma attack on November 4, 2009.

Accordingly, defendants' motion as to the treatment of Youngblood's asthma condition by Adams and Badger should be granted but should be denied as to the claims regarding Ryan's failure to treat Youngblood's asthma attack.

### 2. Seizures

Seizure conditions, namely epilepsy, constitute a serious medical condition. Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002) (reversing and remanding decision to dismiss case whereupon inmate "claimed that he suffered from Jacksonian epilepsy and that defendants had denied him needed medication. These allegations suggest that [the

inmate] may have a legitimate claim of deliberate indifference to a serious medical condition."). Furthermore, allegations of a denial of medication or medical attention which would prevent or avert such seizures presents a plausible claim upon which relief may be granted. Id. Therefore, construing the facts in the light most favorable to Youngblood, Ryan's failure to give Youngblood his seizure medication and Smith's denial of Youngblood's sick call request which ultimately led to a seizure are both sufficient to withstand defendants' motion.

Accordingly, defendants' motion on this ground should be denied.

### IV. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Dkt. No. 17) be:

1. **GRANTED** as to defendants Artus, Wright, Adams, and Badger and these defendants should be dismissed from the action; and

2. **DENIED** as to defendants Johnson, Ryan and Smith.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 21, 2011
       Albany, New York

_/s/ David R. Homer_
United States Magistrate Judge