**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ANDRE YOUNGBLOOD,**

                       **Plaintiff,**

      **-v.-**                                        **9:10-CV-0752**
                                                        **(MAD/DRH)**

**V. JOHNSON, Head Nurse Administrator,**
**Clinton Correctional Facility; R.N. SMITH;**
**and CATHY RYAN, Nurse, Clinton**
**Correctional Facility,**

                       **Defendants.**

---

**APPEARANCES:**                               **OF COUNSEL:**

**Andre Youngblood**
**03-A-1665**
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Plaintiff *pro se*

**HON. ERIC T. SCHNEIDERMAN**           **LAURA A. SPRAGUE, AAG**
New York State Attorney General
The Capitol
Albany, New York 12224
Attorneys for Defendants

**MAE A. D'AGOSTINO**
**United States District Judge**

### DECISION AND ORDER

**I.    Introduction**

      Plaintiff Andre Youngblood commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging that between October 2009 and January 2010, while Plaintiff was incarcerated at Clinton Correctional Facility, he was denied adequate medical care in deliberate indifference to his serious medical needs. *See* Dkt. No. 1 at 6-9.

Currently before the Court is Plaintiff's letter motion requesting a temporary restraining order against C.O. Rodriguez because, in retaliation for another lawsuit Plaintiff had filed,[1] C.O. Rodriguez failed to serve Plaintiff breakfast at Auburn Correctional Facility on April 23 and April 24, 2012.  *See* Dkt. No. 52 at 1.   Plaintiff also alleges that he was cut on his right face by an unknown assailant "because the C.O.'s that [he wants a]  temporary restraining order [against] pass[ed] the word about [Plaintiff's] case." *See id*. at 1-2.  Defendants oppose Plaintiff's motion for preliminary injunctive relief, asserting that Plaintiff may not obtain injunctive relief against a non-party, and "plaintiff's motion has absolutely no connection to this lawsuit."  *See* Dkt. No. 53 at 4.

Reading the letter motion of this *pro se* litigant liberally, *see Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008), it appears that Plaintiff also seeks to compel the production of discovery.  *See* Dkt. No. 52 at 1.

**II.    Motion for Preliminary Injunctive Relief**

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"  *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his

---

[1] Plaintiff references *Youngblood v. Sergeant*, 9:10-CV-1589 (GLS/RFT).  That action, against the Superintendent of Greene Correctional Facility and several unidentified (and never served) Greene Correctional Facility employees, was dismissed by Memorandum-Decision and Order of Chief Judge Gary L. Sharpe on February 24, 2012.  *See id*., Dkt. No. 33.

2

favor. *See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010); *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *See Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-403, 2008 WL 2944642, *2 (E.D.N.Y. Jul. 31, 2008).

"'A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'" *Bisnews AFE (Thailand) Ltd. v. Aspen Research Group Ltd.*, 437 Fed. Appx. 57, 58 (2d Cir. 2011) (quoting *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)). Speculative, remote, or future injury is not the province of injunctive relief. *See Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Bisnews AFE (Thailand)*, 437 Fed. Appx. at 58 (quoting *Faiveley*, 559 F.3d at 118).

The Court has reviewed Plaintiff's very sparse letter requesting preliminary injunctive relief and finds that he has not met the requirements for the grant of injunctive relief.

First, Plaintiff seeks relief against a non-party, C.O. Rodriguez, who appears to be employed at the Auburn Correctional Facility. The law is clear, however, that except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) ( providing that "[e]very order granting an injunction . . . binds only . . . the parties . . . ."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Slacks v. Gray*, No. 9:07-CV-0510, 2008 WL

2522075, *1 n.1 (N.D.N.Y. Jun. 25, 2008); *see also Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that preliminary injunctive relief may be obtained "[o]nly after an action has been commenced"); *Williams v. State University of New York*, 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986) (holding that "prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief"); *In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction").

Second, a motion for preliminary injunctive relief must relate to the allegations contained in the underlying complaint. *See McAllister v. Goord*, No. 9:06-CV-0442, 2009 WL 5216953, *2 (N.D.N.Y. Dec. 30, 2009) (denying request for injunctive relief which was unrelated to the claims set forth in the underlying pleading); *McKinnon v. Tresman*, No. 302CV2305, 2004 WL 78091, *1 (D. Conn. Jan. 9, 2004) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (denying the inmate plaintiff's motion for a preliminary injunction when the inmate's complaint alleged denial of adequate medical treatment and his motion for a preliminary injunction sought relief for alleged retaliation based on filing the underlying lawsuit)); *see also Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"). Clearly, Plaintiff's allegation that a correctional officer at Auburn Correctional Facility denied him breakfast on two occasions in April of 2012 is not related to the allegations contained in the underlying complaint that between October 2009 and January 2010, Plaintiff was denied adequate medical care by Defendants Johnson, Smith, and Ryan at Clinton Correctional Facility. *Compare* Dkt. No. 1 *with* Dkt. No. 52.

For the foregoing reasons, Plaintiff's motion (Dkt. No. 52) for preliminary injunctive relief is denied.

### III. Motion for Discovery

Plaintiff states that his letter is "also [a] Discovery motion" against Defendants. *See* Dkt. No. 52 at 1. Defendants oppose the request because (1) as of the date of Plaintiff's motion, no discovery requests have been served on Defendants, or their counsel; (2) Plaintiff fails to specify what discovery he claims is outstanding; and (3) Defendants have provided Plaintiff with "ample evidence relating to his claims" in response to the Mandatory Pretrial Discovery and Scheduling Order. *See* Dkt. No. 53 at 3-4; *see also* Dkt. No. 53-3.

Plaintiff's motion for discovery (Dkt. No. 52), which is wholly conclusory, is denied without prejudice.

**WHEREFORE**, the Court hereby

**ORDERS** that Plaintiff's motion for injunctive relief (Dkt. No. 52) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion for discovery (Dkt. No. 52) is **DENIED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules..

**IT IS SO ORDERED.**

Dated: May 30, 2012
      Albany, New York

_Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge