UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ANDRE YOUNGBLOOD

                              **Plaintiff,**

        vs.                                                    **9:10-cv-00752**
                                                               **(MAD/CFH)**


**V. JOHNSON, Head Nurse Administrator, Clinton**
**Correctional Facility; R.N. SMITH; and CATHY**
**RYAN, Nurse, Clinton Correctional Facility,**

                              **Defendants.**

_____

APPEARANCES:                                   OF COUNSEL:

**ANDRE YOUNGBLOOD**
131-09 115 Pl
Queens, New York 11420
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**              **LAURA A. SPRAGUE, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

                              **ORDER**

        Plaintiff *pro se*, formerly an inmate in the custody of the New York State Department of

Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42

U.S.C. § 1983, alleging that Defendants violated his rights under the Eighth Amendment when

they were deliberately indifferent to his serious medical needs.  *See* Dkt. No. 1.  In a Report-

Recommendation and Order dated July 22, 2011, Magistrate Judge Homer recommended that the

Court grant in part and deny in part Defendants' motion to dismiss.  *See* Dkt. No. 28.  In a

December 19, 2011 Memorandum-Decision and Order, the Court adopted-in-part and rejected-in-part the Report-Recommendation and Order. *See* Dkt. No. 34. Specifically, the Court dismissed all of Plaintiff's claims except his Eighth Amendment medical indifference claims against Defendants Johnson, Ryan and Smith.

On November 8, 2012, the remaining Defendants filed a motion for summary judgment. *See* Dkt. No. 65. In their motion, Defendants raised the following arguments: (1) the record evidence fails to demonstrate a cognizable claim of deliberate indifference to a serious medical need; (2) the record evidence fails to establish supervisory liability for the actions of Defendant Johnson; (3) the record evidence fails to demonstrate that Defendant Ryan was involved in assessing Plaintiff on November 4, 2009; and (4) Defendants are entitled to qualified immunity. *See* Dkt. No. 65-3. Attached to their motion, Defendants included a document entitled "Notice to Pro Se Litigant Opposing Motion for Summary Judgment," in which Defendants informed Plaintiff of the consequences of failing to respond to a motion for summary judgment. *See* Dkt. No. 65-1. The Court also sent Plaintiff the Northern District of New York's standard "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion." *See* Dkt. No. 66-1. Plaintiff, however, did not oppose the motion.

In an April 30, 2013 Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court grant Defendants' motion for summary judgment. *See* Dkt. No. 68. Specifically, Magistrate Judge Hummel recommended that the Court find that Plaintiff failed to establish Defendant Johnson and Defendant Ryan's personal involvement in the alleged conduct. *See id.* at 9-12. Moreover, Magistrate Judge Hummel found that Plaintiff's deliberate indifference claims against all Defendants fail on the merits and that they are, in the alternative, entitled to qualified immunity. *See id.* at 14-19. Finally, Magistrate Judge Hummel recommended that the

Court, in the alternative, dismiss this action for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See id.* at 19-20. Specifically, the report noted that Plaintiff's inactivity in this case began when mail sent to him on September 4, 2012 was returned as undeliverable on September 12, 2012. *See* Dkt. Nos. 59, 60. Subsequently, the Court sent two pieces of mail to an address listed on another lawsuit filed by Plaintiff, which were both returned as undeliverable. *See* Dkt. Nos. 63, 64. Finally, on November 26, 2012, a notice of a response deadline to Defendants' motion for summary judgment was also returned as undeliverable. *See* Dkt. Nos. 66, 67. As such, Magistrate Judge Hummel found that Plaintiff failed to provide the Court with an updated address as required and that, therefore, weighing all the relevant factors, the Court should dismiss this action pursuant to Rule 41(b). *See* Dkt. No. 68 at 20-21.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the

court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at

36-37 (quotation and other citation omitted).  Moreover, it is well-settled that a party opposing a

motion for summary judgment may not simply rely on the assertions in its pleadings.  *See Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

  In assessing the record to determine whether any such issues of material fact exist, the

court is required to resolve all ambiguities and draw all reasonable inferences in favor of the

nonmoving party.  *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S.

242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted).  Where

the non-movant either does not respond to the motion or fails to dispute the movant's statement of

material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the

court must be satisfied that the citations to evidence in the record support the movant's assertions.

*See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in

the record the assertions in the motion for summary judgment "would derogate the truth-finding

functions of the judicial process by substituting convenience for facts").

  In reviewing a *pro se* case, the court "must view the submissions by a more lenient

standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F.

Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594,

30 L. Ed. 2d 652 (1972)) (other citations omitted).  The Second Circuit has opined that the court

is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently

forfeiting legal rights merely because they lack a legal education.  *Govan v. Campbell*, 289 F.

Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

However, this does not mean that a *pro se* litigant is excused from following the procedural

requirements of summary judgment.  *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725,

2001 WL 527484, at *2 (S.D.N.Y. May 16, 2001)).  Specifically, "a *pro se* party's 'bald assertion,'

completely unsupported by evidence" is not sufficient to overcome a motion for summary

judgment.  *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Carey v. Crescenzi*,

923 F.2d 18, 21 (2d Cir. 1991)).

Having reviewed Magistrate Judge Hummel's April 30, 2013 Report-Recommendation

and Order and the applicable law, the Court concludes that Magistrate Judge Hummel correctly

recommended that the Court should grant Defendants' motion for summary judgment and enter

judgment in Defendants' favor.  Alternatively, the Court also finds that Magistrate Judge Hummel

correctly recommended that this action should be dismissed for Plaintiff's failure to prosecute.  In

the Court's initial order granting Plaintiff's *in forma pauperis* application, the Court informed

Plaintiff as follows: "**Plaintiff is also required to promptly notify, in writing, the Clerk's**

**Office and all parties or their counsel of any change in plaintiff's address; his failure to so**

**may result in the dismissal of this action.**"  *See* Dkt. No. 6 at 3 (emphasis in original).  Plaintiff

has failed to notify the Clerk's Office, Defendants, or the Court of his present address.  Since

September 4, 2012, the Court has been unable to contact Plaintiff in any way and all mail sent to

the address he provided has been returned as undeliverable.  In light of Plaintiff's failure to

prosecute and comply with Court orders, the Court holds that this matter is dismissed, in the

alternative, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *See e.g., Antonio v.*

*Beckford*, No. 05 Civ. 2225, 2006 WL 2819598, *2 (S.D.N.Y. Sept. 29, 2006) (citing decisions

dismissing cases for delays of three months or more); *see also* Fed. R. Civ. P. 41(b) (conferring

discretion on district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply

with these rules or a court order"); *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)

(holding that "[a] district court may, *sua sponte*, dismiss an action . . . pursuant to Fed. R. Civ. P. 41(b)").

After carefully considering Magistrate Judge Hummel's Report-Recommendation and Order, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Hummel's April 30, 2013 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: June 19, 2013
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

6